**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FRANK ARKO, | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 1:03-CV-3287-RWS |
| | :: | |
| v. | : | |
| | | |
| WARDEN, USP ATLANTA; et al., | | BIVENS ACTION |
| Defendants. | | 28 U.S.C. § 1331 |

## ORDER

Plaintiff, Frank Arko, a federal prisoner, has submitted the instant civil action against the Warden of the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), the USP-Atlanta medical director; Kathleen Hawk, the Director of the Federal Bureau of Prisons ("BOP"), and ten John and Jane Does.  By Order dated June 18, 2004 [Doc. 7], this Court dismissed the ten unknown defendants but allowed Plaintiff's deliberate indifference and conditions-of-confinement claims to proceed against the remaining Defendants.  This matter is presently before the Court on Plaintiff's motion for appointment of counsel [Doc. 17], Plaintiff's motion for an order requiring Plaintiff's custodian to provide Plaintiff access to a typewriter [Doc. 18], Plaintiff's motion for a hearing on these motions [Doc. 19], and Defendants' motion to dismiss [Doc. 20-1], or alternatively, motion for summary judgment [Doc. 20-2].

## I. **Preliminary matters**

Plaintiff has moved this Court to appoint counsel for him.  [Doc. 17].  Prisoners pursuing civil actions, however, have no right to counsel.  See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996); Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Poole, 819 F.2d at 1028.  Plaintiff has failed to demonstrate that his claims involve novel or complex issues.   Accordingly, Plaintiff's motion for appointment of counsel [Doc. 17] is **DENIED**.

Plaintiff has also moved for a Court order requiring Plaintiff's custodian to provide him access to a typewriter.  [Doc. 18].  Plaintiff contends that medical problems with his eyesight have hindered his ability to read and that writing is extremely difficult.  A review of the record, however, reveals that any deterioration in Plaintiff's eyesight has not prevented him from filing detailed motions with the Court and a response to Defendants' motion to dismiss, or alternatively, motion for summary judgment.  Plaintiff, therefore, has failed to demonstrate that he has been prejudiced by

AO 72A
(Rev.8/82)

any lack of access to a typewriter.  Accordingly, his motion seeking a Court order to provide him access to a typewriter [Doc. 18] is denied.[1]

## II.  Background

On October 29, 2003, Plaintiff filed the instant action against various federal officials.  [Doc. 1].  The Clerk of the Court initially docketed it as a 42 U.S.C. § 1983 action.  In its June 18, 2004, Order, the Court converted the instant action into a 28 U.S.C. § 1331 action arising pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the violation of a person's constitutional rights by a federal official may give rise to a federal action under 28 U.S.C. § 1331).

In his complaint, Plaintiff alleges that he was temporarily housed at the USP-Atlanta while awaiting transport to another federal prison.  [Doc. 1, Complaint at ¶¶ 3.3 and 3.45).  Plaintiff makes extensive allegations regarding the failure of USP-Atlanta officials to provide him with insulin shots and medications for his eyes and kidneys.  [Id., Complaint at ¶¶ 3.15, 3.18, 3.21, 3.28, 3.34, 3.36, 3.37. 3.40, 4.44].  Plaintiff further alleges that he and three other inmates were "squeezed" into a two-man cell, that

---

[1]  In light of this Court's denial of his motions for appointment of counsel and for an order providing him with access to a typewriter, Plaintiff's motion for a hearing on these motions [Doc. No. 19] is denied as moot.

AO 72A
(Rev.8/82)

the cell contained numerous cockroaches and had no air circulation, that the plumbing

worked sporadically, and that the food served to him was barely sufficient to feed the

cockroaches.    [Id., Complaint at ¶¶ 3.4, 3.5, 3.6, 3.7, 3.8, 3.9, and 3.10].  Plaintiff

states that the barbaric living conditions at the USP-Atlanta caused him much pain and

suffering and that he will now suffer permanent damage for life.  [Id., Complaint at ¶

3.75].  Plaintiff claims that Defendants acted with deliberate indifference to his serious

medical conditions.    Plaintiff further complains the various conditions of his

confinement at the USP-Atlanta constituted cruel and usual punishment in violation of

the Eighth Amendment.  Plaintiff seeks injunctive and monetary relief.

Defendants have filed the instant motion to dismiss, or alternatively, motion for

summary judgment. [Doc. 20].  Therein, Defendants contend that Plaintiff's claims are

subject to dismissal because Plaintiff has failed to exhaust his administrative remedies.

[Id. at 2-7].  Defendants further contend that Plaintiff's claims are without merit.  [Id.

at 7-12].  Finally, Defendants contend that they are entitled to qualified immunity from

suit.  [Id. at 13-15].

### III.  Standards for a Motion to Dismiss and a Motion for Summary Judgment

4

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint" and is to limit "its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Thus, a complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

When a court considers matters outside of the pleadings in connection with a Rule 12(b)(6) motion, that motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). The Eleventh Circuit generally has construed strictly the requirement that, upon the conversion of a motion to dismiss into one for summary judgment, the parties must be notified of the conversion and given time to supplement the record. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).

5

A party is entitled to summary judgment if the pleadings and other documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering a summary judgment motion, a court must "view the evidence and all factual inferences therefrom in the light most favorable" to the non-movant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  The moving party bears the initial burden of showing that it is entitled to judgment as a matter of law, Apcoa, Inc. v. Fidelity Nat'l Bank, 906 F.2d 610, 611 (11th Cir. 1990), which it may do by showing "that there is an absence of evidence to support the nonmoving party's case," Celotex, 477 U.S. at 325.  Once the moving party has properly supported its motion, the nonmoving party must then "come forward with specific facts showing that there is a genuine issue for trial," i.e., that the evidence is sufficient to support a jury verdict in its favor.   Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (internal quotations omitted).

AO 72A
(Rev.8/82)

## IV.  **Discussion**

To state a claim for relief under <u>Bivens</u>, a plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law.   <u>Wideman v. Shallowford Community Hosp., Inc.</u>, 826 F.2d 1030, 1032 (11th Cir. 1987).   However, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2]

In <u>Johnson v. Meadows</u>, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit Court of Appeals recognized that the "PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" <u>Id.</u> at 1155

---

[2]  The Eleventh Circuit has noted that "most courts addressing this issue have decided § 1997e(a) is not a jurisdictional mandate." <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207 n.2 (11th Cir. 2000). Nevertheless, when considering the exhaustion requirement of § 1997e(a), the Eleventh Circuit has yet to determine whether dismissal for failure to exhaust is appropriate pursuant to Rule 12(b)(6) (failure to state a claim for relief) or Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction). <u>See</u> <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1286 n. 16 (11th Cir. 2004).

AO 72A
(Rev.8/82)

(quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)).   "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'"   Johnson, 418 F.3d at 1155 (quoting Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).   Furthermore, there is no futility exception to the exhaustion requirement.   See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," and "there is no longer discretion to waive the exhaustion requirement").

In Irwin v. Hawk, 40 F.3d 347 (11th Cir. 1994), the Eleventh Circuit outlined the following process for exhausting administrative remedies pursuant to the BOP's administrative remedy procedure:

> The BOP's administrative remedy procedures is a three-tiered process whereby an inmate may redress the deprivation of any right to which he is entitled ....   The process commences with the inmate's presenting a complaint to a staff member at the facility where he . . . is housed.   28 C.F.R. §   542.13(a).   If this informal resolution is not successful, the inmate may file a formal written complaint, on the appropriate form, with the warden at the local institution level.   28 C.F.R. § 542.13(b) . . . .   If unsatisfied with the warden's response, then the inmate may appeal within twenty days of the response to the regional director.   28 C.F.R. § 542.15. If unsatisfied at the regional level, then the inmate has thirty days from the date of the regional director's response to appeal to the general counsel. Id.  . . . .   An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels.   The appeal to the office of the general counsel is the final administrative appeal provided by the BOP. 28 C.F.R. § 542.15.

8

AO 72A
(Rev.8/82)

Id. at 349 n.2.

In his complaint, Plaintiff acknowledges that he neither presented the facts relating to his allegations and claims to the appropriate grievance committee nor sought to appeal "any adverse decision to the highest level possible in the administrative procedure."   [Doc. 1, Complaint Form at 3-4].  In responding to Defendants' motion to dismiss, or alternatively, motion for summary judgment, Plaintiff does not dispute Defendants' contention that he failed to exhaust administrative remedies as to the claims raised in the instant complaint.  Rather, Plaintiff merely complains that his pain and suffering suffered at the USP-Atlanta could not have been remedied by pursuing every level of the BOP's administrative remedy process.  [Doc. 21 at 2-3].

Plaintiff's argument suggests that this Court should waive the exhaustion requirement based on the inadequacy of the BOP's remedial scheme and the futility of pursuing such administrative remedies.  However, as noted above, inadequacy of a particular remedy and futility in pursuing such a remedy cannot serve to excuse the exhaustion requirement set forth in § 1997e(a).  Johnson, 418 F.3d at 1155; Alexander, 159 F.3d at 1325.  Pursuant to the controlling decision in Johnson, this Court must strictly apply that exhaustion requirement with respect to Plaintiff's claims asserted in the instant action.  Thus, even when reviewing construing each allegation in Plaintiff's complaint as true, the Court finds that dismissal is appropriate based on Plaintiff's

9

failure to exhaust the three-level administrative-remedy process available through the

BOP.[3]

## V.  Conclusion

For the foregoing reasons, Plaintiff's motion for appointment of counsel [Doc.

No. 17], motion for an order requiring Plaintiff's custodian to provide Plaintiff access

to a typewriter [Doc. 18], and  motion for a hearing on these motions [Doc. No. 19]

are **DENIED**.

**ITS IS FURTHER ORDERED** that Defendants' Rule 12(b)(6) motion to

dismiss [Doc. 20-1] is **GRANTED**, that Defendants' alternative motion for summary

judgment [Doc. 20-2] is **DENIED** as moot, and that the instant complaint is hereby

**DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust his

administrative remedies.

---

[3] In connection with their alternative motion for summary judgment, Defendants have presented matters outside of the pleadings to further establish that Plaintiff has failed to exhaust his available administrative remedies.  In light of Plaintiff's complaint and his arguments presented in response to Defendants' motion to dismiss, it is unnecessary for this Court to rely on any matters presented outside of the pleadings. As such, this Court need not consider Defendants' alternative motion for summary judgment because dismissal of the instant complaint is appropriate pursuant to Rule 12(b)(6).  Further, it is unnecessary for this Court to consider whether Plaintiff's claims are meritless or whether Defendants can establish qualified immunity.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED**, this  7th  day of February, 2006.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)